788 So.2d 452 (2001)
STATE of Louisiana
v.
Danny Ray LEE
No. 2000 KA 0183.
Court of Appeal of Louisiana, First Circuit.
February 16, 2001.
Writ Denied March 30, 2001.
*453 Walter J. Senette, Jr., Assistant District Attorney, Franklin, for Appellee State of Louisiana.
James E. Boren, Baton Rouge, for Appellant Danny Ray Lee.
Before: CARTER, C.J., FOIL and WEIMER, JJ.
FOIL, Judge.
Defendant, Danny Ray Lee, was charged by indictment with second degree murder, a violation of La. R.S. 14:30.1. *454 After pleading not guilty, he was tried by jury and convicted as charged. He received the mandatory sentence of life in prison at hard labor without probation, parole or suspension of sentence. Defendant appealed, urging two assignments of error.

FACTS
In August, 1994, defendant and three other people, Davey Coslow, Sherry Coslow and Sheila Tibblas, left Oklahoma in a car rented by Tibblas, with the intention of visiting all of the states in the country. Davey and Sherry Coslow were husband and wife. Defendant and Sheila Tibblas were boyfriend and girlfriend.
While the group was in St. Mary Parish, they stopped at a sugarcane field. According to Davey Coslow, defendant murdered Tibblas while they were at the sugarcane field. Coslow said that defendant first choked her and then stabbed her in the throat. The victim's body was then covered with a piece of old tin and left in a trash pile in the field.
Defendant and the Coslows then continued on the trip, using the victim's checks, forged by Sherry Coslow, to finance their travels. Eventually they returned to Oklahoma where they were stopped for a traffic violation. At the time of the stop, they were still driving the victim's rental car. Police noted that the person to whom the car had been rented had been reported missing and was not in the car when it was stopped. Initially, defendant was arrested only for driving without a license, and Davey Coslow was arrested for possession of marijuana. Sherry Coslow and another woman who was in the car at the time of the stop were released.
Shortly after her release, Sherry Coslow contacted Oklahoma police and told them about the murder of Tibblas. Eventually, Davey Coslow cooperated with police in Oklahoma and told them that defendant had murdered Tibblas. He was taken to Louisiana where he assisted police in locating the victim's body.

ASSIGNMENT OF ERROR NO. 2
In this assignment of error, defendant claims that the trial court's instruction on second degree murder was erroneous in that it failed to include the element of specific intent. He further claims that trial counsel was ineffective for failure to object to the instruction.
La.Code Crim. P. art. 801 dictates that, "[a] party may not assign as error the giving or failure to give a jury charge or any portion thereof unless an objection thereto is made before the jury retires or within such time as the court may reasonably cure the alleged error." Here, the defendant argues that trial counsel's failure to object to the jury charge constitutes ineffective assistance of counsel.
We note initially that a claim of ineffective assistance of counsel is more properly raised by an application for post conviction relief in the district court where a full evidentiary hearing may be conducted. State v. Hicks, 554 So.2d 1298, 1306 (La.App. 1st Cir.1989), writs denied, 559 So.2d 1374 (La.1990) and 604 So.2d 1297 (La.1992). However, where the record discloses evidence sufficient to decide the issue of ineffective assistance of counsel and that issue is raised on appeal, the issue may be addressed in the interest of judicial economy. State v. Bourgeois, 451 So.2d 172, 174 (La.App. 1st Cir.), writ denied, 457 So.2d 18 (La.1984). Because defendant has alleged that trial counsel was ineffective for failing to object to the jury charge and the record is sufficient to review that claim, we will examine the issue of whether the charge was erroneous.
*455 The trial court's instruction defining the crime of second degree murder was as follows:
Second Degree Murder is the killing of a human being when the offender actively desired to kill or inflict great bodily harm. What Mr. Lee actively desired must be determined in light of ordinary circumstances. It is a question of fact which may be inferred from the circumstances.
So, in order to convict Mr. Lee of Second Degree Murder, you must find that: (1) Danny Lee killed Sheila Tibblas or was a principal in her killing; and (2) He actively desired to kill or inflict great bodily harm.
Defendant points out that the jury instruction regarding the definition of second degree murder did not indicate that the jury had to find that defendant acted with "specific intent" to kill or inflict serious bodily injury. He contends that this omission relieved the state of the burden of proving an element of the offense charged. Defendant asserts that the court's definition creates a crime of "strict liability murder" by effectively eliminating the requirement of specific intent from the definition of the crime.
We disagree. While the words "specific intent" were not used to describe that element of the crime, the definition of specific intent was included in the charge. La. R.S. 14:10(1) defines specific intent as "that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act." The jury was instructed that, in order to find defendant guilty of the crime of second degree murder they must find that he "actively desired to kill or inflict great bodily harm."
Defendant contends that "state of mind" is subjective, while "actively desired" does not refer to state of mind and is objective, rendering the jury instructions defective. He further argues that the omission of the state of mind requirement is not harmless error because the crux of his defense was that he did not have specific intent to kill.
We conclude that the jury instruction complained of here was not erroneous in that it included the definition of specific intent, which is a required element of the crime of second degree murder. Therefore, trial counsel was not ineffective for failing to object to the jury instruction and this assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 1
In this assignment of error, defendant contends that trial counsel was ineffective because of a conflict of interest between his representation of defendant at trial and his prior representation of Davey Coslow, who testified against defendant at trial.
Defendant was indicted for second degree murder. Davey Coslow was charged by bill of information with the crime of accessory after the fact to second degree murder. At all times, the two cases proceeded separately, except at the preliminary hearing when the cases were consolidated for purposes of that hearing only. At the preliminary hearing, both Coslow and defendant were represented by appointed counsel. Craig Colwart of the St. Mary Parish Indigent Defender Board represented Coslow, and Gary LeGros represented defendant. The minutes indicate that, at subsequent proceedings, defendant was represented by Susan E. Kutcher. At trial, defendant was represented by Craig Colwart and Coslow was represented by Gary LeGros.
Defendant filed a motion for an out-of-time appeal, which was granted by the trial court. He then filed a motion for *456 designation of the record, asking that the district court designate the companion case involving Coslow as part of the record on appeal. The district court granted this request. After the record was lodged, appellate counsel noticed that the requested portions of the Coslow case were not included in the appellate record. Defendant filed a motion to supplement the record, this court issued a show cause order, and the parties filed briefs on the motion. Defendant alleged that portions of the Coslow record were needed in order to adequately raise the issue of ineffective assistance of trial counsel based on a conflict of interest between counsel's representation of defendant and his prior representation of Coslow. In an unpublished decision, State v. Lee, 00-0183 (La.App. 1 Cir. 5/5/00), this court found that, in accordance with State v. Johnson, 529 So.2d 466, 473 n. 4 (La. App. 1st Cir.1988), writ denied, 536 So.2d 1233 (La.1989) and La.Code Crim. P. art. 914.1, it had no authority to receive or review evidence not contained in the trial court record. This court added that even if the record was supplemented as requested, it would not be sufficient to resolve the issue of ineffective assistance of counsel. Such an issue is generally referred to postconviction proceedings in which, if necessary, both parties can introduce evidence and the validity of the claim can be properly determined. Accordingly, defendant's motion to supplement the record was denied.
Multiple representation does not presumptively result in the ineffective assistance of counsel so as to violate constitutional guarantees unless it gives rise to a conflict of interest. State v. Castaneda, 94-1118, p. 11 (La.App. 1 Cir. 6/23/95), 658 So.2d 297, 305. Where there has been no objection to the multiple representation prior to or during trial, defendant must "establish that an actual conflict of interest adversely affected his lawyer's performance" in order to establish a claim of ineffective assistance of counsel in violation of the Sixth Amendment. Id., citing Cuyler v. Sullivan, 446 U.S. 335, 350, 100 S.Ct. 1708, 1719, 64 L.Ed.2d 333 (1980). The mere "possibility" of conflict is insufficient to impugn a criminal conviction; defendant must show that counsel actively represented conflicting interests. A defendant who shows that a conflict of interest actually affected the adequacy of counsel's representation need not demonstrate prejudice in order to obtain relief. State v. Castaneda, 94-1118 at pp. 11-12, 658 So.2d at 305. In Castaneda, this court held that actual conflicts of interest that adversely affect counsel's performance must be established by specific instances in the record, and the mere possibility of divided loyalties is insufficient proof of actual conflict.
In the instant case, the record reveals that defendant's trial counsel represented Coslow at the preliminary hearing in which police officers and Sherry Coslow gave evidence. The testimony presented detailed the police investigation into the circumstances surrounding the murder of Sheila Tibblas. The officers and Mrs. Coslow gave information about the statements of Davey Coslow implicating defendant in the victim's death. Mr. Colwart, Coslow's attorney at the hearing, conducted a very brief cross-examination of the state's witnesses and presented testimony of one of the investigating officers from Oklahoma regarding the facts surrounding the discovery of the murder. Neither defendant nor Davey Coslow testified at the preliminary hearing.
Clearly the situation in the instant case gives rise to the possibility of an actual conflict. The fact that defendant and Coslow would present antagonistic defenses was recognized on the record by both defense counsel and the state after the *457 preliminary hearing, and a joint request for severance of the trials was granted. However, without an evidentiary hearing there is no way to evaluate the propriety of counsel's failure to raise the issue of a potential conflict, of which he was obviously aware, prior to trial. Further, it cannot be determined whether such conflict was waived. As noted previously, ineffective assistance claims are generally relegated to application for post-conviction relief in the trial court, wherein an evidentiary hearing could be conducted. In this case, however, we believe the interest of justice and judicial economy will best be served by resolving the issue at this time. Therefore, we remand the case to the trial court for a full evidentiary hearing on the issue.

DECREE
The defendant's conviction and sentence are conditionally affirmed. The case is remanded to the trial court for an evidentiary hearing on the issue of ineffectiveness of counsel due to conflict of interest. If the trial court finds merit to the claims, it should set aside the conviction and grant a new trial. See State v. Addison, 94-2745, p. 3 (La.6/23/95), 657 So.2d 974, 975; State v. Lemon, 29,587, 29,588, p. 12 (La. App. 2 Cir. 8/20/97), 698 So.2d 1057, 1064. If the trial court does not find ineffective assistance, defendant may appeal from that ruling. In the absence of such an appeal, the conviction and sentence will be affirmed.
CONVICTION AND SENTENCE CONDITIONALLY AFFIRMED; REMANDED, WITH INSTRUCTIONS.
WEIMER, J., concurs with reasons.
WEIMER, J., concurs.
This remand is dictated by the Rules of Professional Conduct of the Louisiana State Bar Association and the circumstances surrounding the representation of the defendant and one of his accusers.
Rule 1.7 of the Rules of Professional Conduct provides:
Loyalty is an essential element in the lawyer's relationship to a client. Therefore:
(a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
(1) The lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
(2) Each client consents after consultation.
(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests unless:
(1) The lawyer reasonably believes the representation will not be adversely affected; and
(2) The client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.
Rule 1.9 of the Rules of Professional Conduct provides:
A lawyer who has formerly represented a client in a matter shall not thereafter:
(a) Represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation; or

*458 (b) Use information relating to the representation to the disadvantage of the former client except as Rule 1.6 would permit with respect to a client or when the information has become generally known.
Two appointed attorneys, representing the defendant and one of his accusers, switched clients between the preliminary examination and the trial. The trial attorney for the defendant, having represented his accuser earlier in the proceeding, could not help but have divided loyalties. See Rule 1.7. The State acknowledges in brief the "record establishes that trial counsel was compelled to cross-examine a state's witness who was a former client[.]" The defendant's former attorney, with whom he had a relationship of confidentiality,[1] subsequently represented his accuser. At trial, the defendant's attorney is his accuser's former attorney.
The defendant has a right to urge his arguments regarding his attorney's representation in a hearing following the filing of a request for post conviction relief. LSA-C.Cr.P. art. 924 et seq. Our remand expedites this hearing to which the defendant is otherwise entitled.
NOTES
[1] See Rules of Professional Conduct, Rule 1.6 Confidentiality of information.