Judgment rendered February 1, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,704-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

Versus

CLARDIS EDWARD GALLOWAY, JR.          Appellant

* * * * *

Appealed from the
Forty-Second Judicial District Court for the
Parish of DeSoto, Louisiana
Trial Court No. 19-CR-29946

Honorable Amy Burford McCartney, Judge

* * * * *

LOUISIANA APELLATE PROJECT                  Counsel for Appellant
By: Prentice L. White

CLARDIS EDWARD GALLOWAY, JR.          Pro Se

CHARLES B. ADAMS                            Counsel for Appellee
District Attorney

LEE R. HALL, JR.
RHYS E. BURGESS
Assistant District Attorneys

* * * * *

Before PITMAN, STEPHENS, and MARCOTTE, JJ.

**STEPHENS, J.**

This criminal appeal arises out of the 42nd Judicial District Court, Parish of DeSoto, State of Louisiana, the Honorable Amy Burford McCartney, Judge, presiding. On September 22, 2021, defendant, Clardis Edward Galloway, Jr., was convicted by a unanimous jury of one count of second-degree murder, a violation of La. R.S. 14:30.1, and was sentenced to life imprisonment by the trial court on October 14, 2021. Galloway has appealed. Appellate counsel filed a motion to withdraw, together with a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), alleging that there are no nonfrivolous issues on which to base the appeal. This Court held the motion in abeyance and allowed the defendant 30 days to file a *pro se* brief.

Thereafter, Galloway filed a *pro se* brief, urging two assignments of error, one which contending that he was denied the effective assistance of counsel when his attorney failed to consult with him prior to withdrawing his plea of not guilty and not guilty by reason of insanity. Pursuant to an order issued by this Court, appellate counsel filed a brief addressing this issue, and the State filed a reply brief. For the reasons set forth below, we affirm Galloway's conviction and sentence.

## FACTS/PROCEDURAL BACKGROUND

Rosemary Foley was an elderly, disabled woman who lived alone at her home on Hwy. 191 in Logansport, Louisiana. Galloway and Aulden Burford, Ms. Foley's niece, lived with Ms. Foley for a while. A month before her murder, Ms. Foley began having problems with the young couple residing with her, so she asked them to leave. Galloway and Aulden broke

up, and Aulden left Louisiana to go live with another relative. Galloway moved in with a friend named Douglas Tyler Williams.

On October 11, 2018, Galloway left Williams' house to go to Ms. Foley's home to help her with a plumbing problem. Galloway rode Williams' red Honda four-wheeler rather than walking because the two residences were approximately two miles apart. Unbeknownst to Williams, Galloway took with him to Ms. Foley's a Ruger .380 pistol belonging to Williams. Sometime later that morning, Marietta Sepulvado, Ms. Foley's home health physical therapist, tried to contact Ms. Foley about a missed physical therapy session. Ms. Sepulvado reached out to Ms. Foley's sister to find out whether she had heard from Ms. Foley. Police officers then went to Ms. Foley's home to perform a welfare check.

Upon their entry into Ms. Foley's home, officers found her lying on the floor, unresponsive, with a gunshot wound to the head. Galloway's wallet, containing his driver's license, and the red Honda four-wheeler were just outside of Ms. Foley's house. Williams, concerned that his four-wheeler had not been returned, showed up at Ms. Foley's residence, where he found his ATV and police officers.

One of the officers asked Williams to use his cell phone to call Galloway. Williams made the call, and Galloway, who answered, realized that the police were at Ms. Foley's home. Shortly thereafter, Galloway drove up in Ms. Foley's vehicle. Galloway was taken into custody. Officers discovered Williams' pistol lying in the grass a short distance away from the victim's car.

On January 22, 2019, a DeSoto Parish grand jury indicted Galloway for the second-degree murder of Rosemary Foley, a violation of La. R.S.

2

14:30.1. Galloway entered a plea of not guilty at his arraignment. After reviewing Galloway's psychological history, defense counsel advised his client to withdraw his not guilty plea and enter a plea of not guilty and not guilty by reason of insanity, which he did. Galloway also filed a request for the appointment of a sanity commission. Two mental health experts were appointed to evaluate Galloway. After they had differing opinions, the trial court appointed a third expert to examine Galloway. Court minutes from January 14, 2021, indicate that Galloway was found to have the mental capacity to proceed and assist in his defense, and the trial court filed the sanity commission reports into the record under seal.

On August 12, 2021, at the free and voluntary hearing, with Galloway present via Zoom, defense counsel withdrew Galloway's plea of not guilty and not guilty by reason of insanity and entered a plea of not guilty. Jury selection began on September 17, 2021, with the last juror being seated the morning of September 22, 2021, after which the matter proceeded to trial. The jury rendered a unanimous verdict of guilty of second-degree murder that same day, and on October 14, 2021, Galloway was sentenced to the mandatory sentence of life imprisonment without benefit of probation, parole, or suspension of sentence.

## DISCUSSION

### *Assignment of Error No. 1*

In his first *pro se* assignment of error, Galloway argues that because the indictment charged him with both subsection (A)(1) of La. R.S. 14:30.1 (the defendant had the specific intent to kill or inflict great bodily harm on the victim) and subsection (A)(2) (the defendant was engaged in the perpetration or attempted perpetration of an armed robbery of the victim

3

even though he had no intent to kill or to inflict great bodily harm on the victim), his conviction was "without unanimity of the jury." According to Galloway, there is nothing in the record to show that he received a unanimous verdict of either one of these "two distinct acts" or if the jury was "split" in its decision.

The State points out that the jury rendered a unanimous verdict convicting Galloway of second-degree murder and in fact was polled to confirm their unanimity. As to Galloway's "alternate theory" argument, the State points out that a jury is not constitutionally required to agree on a single theory to convict a defendant when it is instructed as to alternate theories.

After closing arguments, the judge instructed the jury on both theories of second-degree murder and manslaughter. There was sufficient evidence from which the jury could have found Galloway guilty under either theory, including his theft of the murder weapon, his return to the crime scene in Ms. Foley's car, which he took after having shot her, and his confession that he shot the victim in the back of the head as he was just about to rob her at gunpoint. As held by the court in *State v. Seals*, 09-1089, p. 81 (La. App. 5 Cir. 12/29/11), 83 So. 3d 285, 346, *writ denied*, 12-293 (La. 10/26/12), 99 So. 3d 53, *cert. denied*, 569 U.S. 1031, 133 S. Ct. 2796, 186 L. Ed. 2d 863 (2013), a jury is not required to agree on a single theory to convict a defendant when it is instructed as to alternate theories. *See also*, *Schad v. Arizona*, 501 U.S. 624, 111 S. Ct. 2491, 115 L. Ed. 2d 555 (1991); *State v. Vergo*, 594 So. 2d 1360 (La. App. 2 Cir. 1992), *writ denied*, 598 So. 2d 373 (La. 1992); *State v. Chester*, 19-363, pp. 123-24 (La. App. 5 Cir. 2/3/21),

4

314 So. 3d 914, 997, *writ denied*, 21-00350 (La. 6/8/21), 317 So. 3d 321. This assignment of error is without merit.

***Assignment of Error No. 2***

Galloway and appellate counsel have both argued that Galloway was denied effective assistance of counsel when Galloway's trial attorney changed Galloway's plea from not guilty and not guilty by reason of insanity to not guilty without consulting him, thereby abandoning his "one and only viable defense." According to Galloway, his attorney was aware of his long history of mental health issues and had requested an evaluation by a forensic psychiatrist after one of the two appointed mental health professionals found that he lacked the capacity to proceed to trial. Both Galloway and his appellate counsel erroneously argue that this third mental health professional's report is not in the record (it is),[1] and that the record does not contain the results of the sanity commission. While there apparently was no testimony, hence no transcript, there are minutes[2] indicating that on January 14, 2021, all three doctors' reports were entered into the record, and that the sanity commission found Galloway competent to stand trial and assist in his defense.

According to the State, there was no deficiency in Galloway's trial attorney's performance as to the defendant's plea; even so, a claim of

---

[1] Galloway has also claimed that he was only examined by two members of the sanity commission, not three; according to him, he is unaware that a forensic psychiatrist was provided to the defense. Be that as it may, Galloway was evaluated by the third doctor on November 11, 2020, as evidenced by Dr. Sanderson's report which, together with the other examiners' reports, was filed into the record as a sealed exhibit.

[2] Galloway and appellate counsel have also asserted that there is no transcript from the hearing at which trial counsel changed Galloway's plea. There was no separate hearing for this, as it occurred at the pretrial conference/free and voluntary hearing held on August 12, 2021; the transcript can be found at R. pp. 617-23.

ineffective assistance of counsel is more appropriately raised in an application for post-conviction relief in the trial court. *See*, *State v. Hilliard*, 52,652, p. 20 (La. App. 2 Cir. 8/14/19), 278 So. 3d 1065, 1080, *writ denied*, 19-01701 (La. 7/24/20), 299 So. 3d 68.

The Supreme Court set out the two-prong test for a defendant claiming ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d (1984): that counsel's performance was deficient; and the deficiency prejudiced his defense. *State v. Hilliard*, 52,652, pp. 19-20 (La. 8/14/19), 278 So. 3d 1065, 1079-80, *writ denied*, 19-01701 (La. 7/24/20), 299 So. 3d 68. The State points out that Galloway's not guilty and not guilty by reason of insanity plea was withdrawn only after a sanity commission, conducted pursuant to a motion by previous defense counsel, was convened, and the evaluations resolved the issue of Galloway's competency to stand trial. The record shows that Galloway filed *pro se* pleadings and had in-chambers colloquies with the trial judge, both before and during trial, wherein he had rational conversations with the judge discussing trial strategy and issues with his counsel. Galloway never raised an issue with the plea entered by his trial attorney—had he disagreed with the strategy of his trial counsel to change his plea (if in fact the defendant's allegation that his attorney did not discuss the change of plea with Galloway is true, which the State calls "dubious"), Galloway could have raised the issue in chambers or when his plea was read at the beginning of trial in open court.

Both the Louisiana and federal constitutions guarantee a criminal defendant's right to the effective assistance of counsel. U. S. Constitution art. VI; La. Constitution art. 1, § 13; *Gideon v. Wainwright*, 372 U.S. 335,

6

83 S. Ct. 792, 9 L. Ed. 2d 799 (1963); *State v. Brooks*, 94-2438 (La. 10/16/95), 661 So. 2d 1333; *State v. Bayles*, 53,696 (La. App. 2 Cir. 11/17/21), 329 So. 3d 1149; *State v. Turner*, 52,510 (La. App. 2 Cir. 4/10/19), 267 So. 3d 1202, *writ denied*, 19-00873 (La. 9/24/19), 279 So. 3d 386; *State v. Mansfield*, 50,426 (La. App. 2 Cir. 2/24/16), 190 So. 3d 322.

Under the standard for ineffective assistance of counsel set out in *Strickland v. Washington*, *supra*, adopted by Louisiana's Supreme Court in *State v. Washington*, 491 So. 2d 1337 (La. 1986), a reviewing court must reverse a conviction if the defendant establishes that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and counsel's inadequate performance prejudiced the defendant to the extent that the trial was rendered unfair and the verdict suspect. *State v. Ball*, 19-01674 (La. 11/24/20), 305 So. 3d 90; *State v. McGee*, 18-1052 (La. 2/25/19), 264 So. 3d 445; *State v. Bayles*, *supra*; *State v. Turner*, *supra*.

Claims of ineffective assistance of counsel are more properly raised in an application for post-conviction relief in the trial court because this provides the opportunity for a full evidentiary hearing under La. C. Cr. P. art. 930. *State v. McGee*, *supra*; *State v. Ward*, 53,969, p. 17 (La. App. 2 Cir. 6/30/21), 324 So. 3d 231, 240. When the record is sufficient, however, allegations of ineffective assistance of trial counsel may be resolved on direct appeal in the interest of judicial economy. *Id.*; *State v. Frost*, 53,312 (La. App. 2 Cir. 3/4/20), 293 So. 3d 708, *writ denied*, 20-00628 (La. 11/18/20), 304 So. 3d 416.

Defense counsel's choice between a plea of not guilty instead of not guilty and not guilty by reason of insanity, as well as the decision to call

certain witnesses or present certain evidence at trial, relates to strategy decisions[3] and "could not possibly be reviewed on appeal." *State v. Martin*, 607 So. 2d 775, 788 (La. App. 1 Cir. 1992). Decisions relating to investigation, preparation, and strategy require an evidentiary hearing. *State v. Wise*, 13-247, p. 14 (La. App. 5 Cir. 11/19/13), 128 So. 3d 1220, 1230, *writ denied*, 14-0253 (La. 9/12/13), 147 So. 3d 703; *State v. Martin*, *supra*. Only in an evidentiary hearing in the trial court, where the defendant can present evidence beyond that contained in an inadequate record, can his allegations be sufficiently investigated. *See*, La. C. Cr. P. art. 924, *et seq*. An alleged error that is within the ambit of trial strategy does not establish ineffective assistance of counsel because opinions may differ on the advisability of such a tactic. *State v. Wise*, *supra*; *State v. Singleton*, 05-634 (La. App. 5 Cir. 2/14/06), 923 So. 2d 803, 811, *writs denied*, 05-634 (La. 2/14/06), 923 So. 2d 803, 06-1208 (La. 11/17/06), 942 So. 2d 532.

La. C. Cr. P. art. 651 provides that when a defendant enters a plea of "not guilty," evidence of insanity or mental defect at the time of the offense shall not be admissible. Louisiana does not recognize the defense of diminished capacity. *State v. Dressner*, 18-0828, p. 14 (La. 10/29/18), 255 So. 3d 537, 548, *cert. denied*, ___ U.S. ___, 139 S. Ct. 2691, 204 L. Ed. 2d 1093 (2019). A mental defect or disorder short of insanity cannot serve to negate specific intent and reduce the degree of the crime. *State v. Lecompte*,

---

[3] It is possible that trial counsel changed the defendant's plea after two of the three sanity commission physicians concluded that Galloway was legally sane. As noted by the First Circuit in *State v. Folse*, 623 So. 2d 59, 71 (La. App. 1 Cir. 1993), once a defendant has the assistance of counsel, the vast array of trial decisions, strategic and tactical, which must be made before and during trial, rest with an accused and his attorney, and the fact that a particular strategy is unsuccessful does not establish ineffective assistance of counsel.

371 So. 2d 239, 243 (La. 1978); *see also*, La. R.S. 14:14, La. C. Cr. P. art 561.

Because of the change in Galloway's plea from not guilty and not guilty by reason of insanity to not guilty, expert (or lay) testimony regarding his psychological background regarding his state of mind at the time of Ms. Foley's murder was not admissible. Although it is improbable, given that the evidence of Galloway's culpability in this case is overwhelming,[4] instead of finding him guilty of second-degree murder, the jury may have considered this evidence to find him guilty of manslaughter which, under La. R.S. 14:31(A)(1), is a homicide that would be murder but is committed in the sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self-control and cool reflection. *State v. Bourque*, 93-594 (La. App. 3 Cir. 2/16/94), 636 So. 2d 254, *writ denied*, 94-1839 (La. 1/6/95), 648 So. 2d 920. We emphasize, however, as did the Third Circuit in *State v. Bourque*, that the measure of the adequacy of the provocation to cause a defendant to act in "sudden passion or heat of blood" is the average or ordinary person and not the peculiar psychological characteristics of a particular defendant. *Id.* at 268.

In the instant case, the sanity hearing was not transcribed. Instead of testimony, the reports of the three examining mental health professionals were entered into the record (as is done in many such cases), and Galloway was found competent to stand trial. Galloway was not in attendance at this hearing on January 14, 2021, but his attorney was. COVID protocols were

---

[4] *See*, e.g., *State v. Morton*, 483 So. 2d 174, 181 (La. App. 2 Cir. 1986), wherein, in response to the defendant's complaint about the trial court's refusal to allow testimony as to his state of mind or mental condition, this Court noted that the defendant's recorded statement, attempted flight from the scene, and testimony at trial "completely belie[d] any substantive insanity or intoxication defense."

still in force across the United States at that time, so this is not unusual.

While Galloway's claim that his trial counsel did not consult with him prior to changing his plea at the pre-trial conference/free and voluntary hearing on August 12, 2021, is concerning, it is neither supported nor refuted by the record in this case. As noted previously, Galloway was present, albeit via Zoom, at the hearing at which his plea was changed. The record does not contain either Galloway's consent or objection to counsel's plea change, nor does it include a declaration by trial counsel that she consulted Galloway prior to changing the plea.

This record does not allow us to definitively resolve Galloway's ineffective assistance of counsel claim. However, this case does not present extraordinary circumstances supporting a remand to the trial court at this juncture.[5]

---

[5] As this Court noted in *State v. Mansfield*, 50,426, p. 8 (La. App. 2 Cir. 2/24/16), 190 So. 3d 322, 328, "[I]n extraordinary circumstances, appellate courts have taken a third approach on appeal and remanded an ineffective assistance claim for an evidentiary hearing."

In *State v. Bayles*, 53,696 (La. App. 2 Cir. 11/17/21), 329 So. 3d 1149, the defendant's ineffective assistance of counsel claim was, *inter alia*, a conflict of interest arising from an agreement between the district attorney's office and the public defender's office for the district attorney's office to fund the public defender's office. This Court, finding there were extraordinary circumstances, remanded the matter to the trial court, and observed:

> This defendant has suffered through inordinate delays, none of which were his fault, in this case. He has had four court-appointed attorneys, and more than once during this debacle, defendant was unrepresented and unable to consult with an attorney at all. Defendant felt so unheard that he reached out not once but twice to the DeSoto Parish Clerk of Court to express not only his concerns about conflict of interest issues, but regarding pending motions and delays in his case that were not attributable to him[.] [I]t does not appear *on this record* that [defendant's counsel] even questioned the possibility of raising such a conflict *on behalf of his client* the second time he was appointed to represent defendant. What concerns this Court the most, however, is the fact that, despite the trial court's reassurances to defendant to the contrary, it appears, *on this record*, that *none of defendant's attorneys* investigated the allegations he made against the District Attorney which, if meritorious and proven by defendant, after a contradictory hearing held triggered by a motion to recuse filed by defense counsel, would have mandated the District Attorney's recusal prior to trial.

*State v. Bayles*, 53,696, pp. 25-26 (La. App. 2 Cir. 11/17/21), 329 So. 3d 1149, 1162.

In *State v. Mansfield, supra*, the defendant complained that his trial attorney's failure to object to the prosecutor's repeated reference to defendant's post-*Miranda* silence (a *Doyle* violation) constituted ineffective assistance of counsel. The Second Circuit found the evidence in the appellate record "sufficiently compelling to conclude that the interest of justice and judicial economy" would be best served by a remand for an evidentiary hearing at that time, rather than post-conviction, because of the length of the proceedings (the offense occurred in 2010, the defendant was incarcerated approximately 34 months before his trial in September 2013, an out-of-time appeal was not granted until May 2015, and his appeal was not heard by the appellate court until early 2016) and indications of other possible acts of ineffective assistance found in the record. *State v. Mansfield*, 50,426, pp. 19-20 (La. App. 2 Cir. 2/24/16), 190 So. 3d 322, 333.

In *State v. Taylor*, 44,367, p. 9 (La. App. 2 Cir. 9/23/09), 20 So. 3d 1157, 1162, this Court remanded an effective assistance of counsel claim to the trial court, observing:

> The record reflects multiple statements from the trial judge evidencing his serious concerns about the effectiveness of Defendant's trial counsel. These statements require inquiry into whether Defendant was constructively deprived of effective assistance of counsel at one or more of the critical stages of his proceedings. Whether there was such a deprivation impacts our review of each of Defendant's assignments of error. We conclude, therefore, that the trial court erred in summarily denying Defendant's motion for new trial based on ineffective assistance of counsel. In this case, the record alone is inadequate to fairly resolve this issue, and, accordingly, we remand the matter for a contradictory hearing.

In *State v. Howard*, 09-928 (La. App. 5 Cir. 5/25/10), 37 So. 3d 1099, *aff'd as amended*, 10-869 (La. App. 5 Cir. 5/24/11), 66 So. 3d 1160, *writ denied*, 11-1468 (La. 4/9/12), 85 So. 3d 135, because the Fifth Circuit was already remanding the matter to the trial court for resolution of several other issues, the Court, having found the record sufficient to address some, but not all, of the defendant's ineffective assistance of counsel claims, included in its disposition a remand for a contradictory hearing on the claims of ineffective assistance claims to allow him to develop an adequate record.

In *State v. Lee*, 00-0183 (La. App. 1 Cir. 2/16/01), 788 So. 2d 452, *writ denied*, 00-1611 (La. 3/30/01), 788 So. 2d 442, the defendant, convicted of second-degree murder and sentenced to life imprisonment, alleged that his trial counsel was ineffective because of a conflict of interest between his representation of the defendant at trial and his previous representation of a witness who testified against the defendant at his trial. In fact, as noted by Justice Weimer (then a judge on the First Circuit) in his concurrence, "[t]he defendant's former attorney, with whom he had a relationship of confidentiality, subsequently represented his accuser. At trial, the defendant's attorney [was] his accuser's former attorney." *State v. Lee*, 00-0183, p. 1 (La. App. 1 Cir. 2/16/01), 788 So. 2d 452, 458, *writ denied*, 00-1611 (La. 3/30/01), 788 So. 2d 442. The fact that the defendant and the witness would present antagonistic defenses was recognized on the record by both defense counsel and the State after the preliminary hearing, and a joint request for severance of the trials was granted. The First Circuit observed that without an evidentiary hearing, however, there is no way to evaluate the propriety of counsel's failure to raise the issue of a potential conflict, of which the attorney was clearly aware, with his client prior to trial. Because it could not be determined whether such a conflict was waived, the Court remanded the matter to the trial court for a full evidentiary hearing at that time. *State v. Lee*, 00-0183, pp. 7-8 (La. App. 1 Cir. 2/16/01), 788 So. 2d 452, 456-57, *writ denied*, 00-1611 (La. 3/30/11), 788 So. 2d 442.

The case cited by appellate counsel, *State v. Starks*, 20-429 (La. Ap. 5 Cir. 11/3/21), 320 So. 3d 1192, is factually inapposite. In *State v. Starks*, the defendant went to trial having changed his plea from not guilty to not guilty and not guilty by reason of insanity. Despite this plea, however, the defendant's attorney did not present any evidence regarding defendant's mental condition or sanity. On appeal, the defendant urged that his attorney provided ineffective assistance of counsel. According to the defendant, by changing his plea to not guilty and not guilty by reason of insanity, his trial attorney "took on a burden of proof to establish by a preponderance of the evidence that defendant was not sane at the time of the offense, but counsel failed to act or have a strategy." Defendant claimed that his attorney didn't ask him any questions about his mental condition when he was on the stand, and pointed out that such questions could have been based on Dr. Salcedo's examination of the defendant and reports (Dr. Salcedo was one of two mental health professionals who served on a sanity commission which found the defendant sane at the time of the offense and capable of standing trial). Trial counsel further failed to say anything about the defendant's sanity during closing arguments, but "simply let the judge read the instructions on his burden of proof on sanity and allowed the State to comment on defendant's sanity." The defendant urged that this plea should have been abandoned if his attorney had no intention of supporting it, and counsel's silence throughout the trial constitutes a deficient performance. *State v. Starks*, 20-429, pp. 7-8 (La. App. 5 Cir. 11/3/21), 330 So. 3d 1192, 1198.

The Fifth Circuit pointed out in *State v. Starks*, that it was not clear from the record whether counsel was ineffective in failing to formally abandon the defense of insanity by withdrawing the defendant's plea

because ***the record did not contain the transcripts of the sanity commission hearings from which the Court could ascertain the possible expert witness testimony available to the defendant***.  The Court cited *State ex rel. Busby v. Butler*, 538 So. 2d 164, 168 (La. 1988), wherein the Louisiana Supreme Court declined to address a claim of ineffective assistance of counsel in similar circumstances when it found that it was "clear from the record such a defense would not have succeeded," the supreme court having been persuaded by expert testimony presented at a prior evidentiary hearing which "showed even the most favorable interpretation of his psychiatric records would not have shown him insane under Louisiana law."  Thus, the Fifth Circuit found that, "from the record before us, a complete understanding of the abandonment of the insanity defense cannot be gained for a determination of whether ineffective assistance of counsel occurred. With this insufficiency in the present record, we find this matter more properly lends itself to the presentation of evidence at a post-conviction hearing." *State v. Starks*, 20-429, pp. 10-11 (La. App. 5 Cir. 11/3/21), 330 So. 3d 1192, 1200.

The problem in the instant case is not missing transcripts; the record in fact contains the sanity commission reports from all three mental health professionals who examined the defendant.  The issue instead is, as noted above, whether defense counsel consulted with the defendant prior to the plea change.  Because the record contains nothing that would allow this Court to determine the merits of Galloway's ineffective assistance of counsel claim at this juncture, he may re-urge this claim in future post-conviction proceedings, in accordance with all procedural requirements. *See,* La. C. Cr. P. art. 924, *et seq.*; *State v. McGee*, p. 3 (La. 2/25/19), 264

13

So. 3d 445, 447; *State v. Morrison*, 45,620, p. 21 (La. App. 2 Cir. 11/24/10),

55 So. 3d 856, 869.

## CONCLUSION

For the above-stated reasons, defendant's conviction and sentence are

AFFIRMED.